IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA SCHURGOT | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| SEPTA, | : | No. 17-939 |
|     Defendant. | : | |

**MEMORANDUM**

**TIMOTHY R. RICE**                                                                                               **July 31, 2017**
**U.S. MAGISTRATE JUDGE**

      Plaintiff Pamela Schurgot has filed a complaint alleging that Defendant Southeastern Pennsylvania Transportation Authority ("SEPTA") discriminated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). See Complaint (doc. 1) at ¶¶ 2-3.

      SEPTA seeks partial dismissal, alleging the complaint: (1) raises untimely failure-to-promote claims under Title VII and the PHRA; (2) demands back pay for alleged discrimination that occurred outside the statute of limitations; (3) alleges instances of gender discrimination not raised in administrative proceedings; (4) improperly seeks front pay on Schurgot's unequal pay claims; and (5) erroneously references punitive damages or "malicious," "reckless," and "willful" conduct. See Motion to Dismiss (doc. 6) at 1.

      For the reasons explained below, SEPTA's motion is granted in part and denied in part. Schurgot's failure-to-promote claims are dismissed without prejudice. Schurgot may amend her complaint within 14 days.

I.   Standard for Motion to Dismiss

I may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). When the complaint alleges insufficient facts to "raise a right to relief above the speculative level," the motion to dismiss should be granted. West Run Student Hous. Assocs., LLC, v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555). However, I am not required to dismiss the complaint with prejudice. Rather, I should "extend the plaintiff an opportunity to amend—irrespective of whether it was requested[.]" Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).[1]

II.   Facts

Schurgot began working for SEPTA in 1983. Complaint at ¶ 9. In May 2012, Schurgot's supervisor retired and Schurgot temporarily assumed his duties. Id. at ¶¶ 11-12. She did not, however, take on his supervisory title of "director." Id. at ¶¶ 12-13. Nor was Schurgot's compensation increased, even though many of her male colleagues saw 5% salary increases while temporarily performing supervisory functions. Id. at ¶¶ 32-34.

---

[1] This "amendment rule" developed in the context of § 1983 claims and applies to civil rights plaintiffs. See District Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986). Although the United States Court of Appeals for the Third Circuit has "not decided whether this 'amendment rule' applies to Title VII actions," Jean-Pierre v. Schwers, No. 16-3398, 2017 WL 884589, at *2 (3d Cir. March 6, 2017), this Court regularly applies it in Title VII cases, see, e.g., LeBlanc v. Hill School, No. 14-1674, 2015 WL 144135, at *22 (E.D. Pa. Jan. 12, 2015); Boone v. Pennsylvania Southeastern Transp. Authority, No. 14-1373, 2014 WL 6861581, at *6 (E.D. Pa. Dec. 5, 2014).

In May 2012, Schurgot applied to fill the vacant "director" position, but SEPTA withdrew the job posting without hiring a new director or addressing Schurgot's application. Id. at ¶ 15.

In February 2013, SEPTA again sought to fill its vacant position. Id. at ¶ 16. SEPTA interviewed Schurgot in July 2013, but denied her application in September or October 2013. Id. at ¶¶ 17-18. SEPTA advised Schurgot, who was not a lawyer, that it wanted its new director to have a law degree. Id. at ¶ 20.

The job remained open, and SEPTA renewed its search for possible candidates at an unspecified time in the fall of 2013. Id. at ¶ 22. SEPTA excluded all prior applicants. Id.

SEPTA did not hire a new director in 2013, and re-posted the position in April 2014, again excluding prior applicants. Id. at ¶ 23. SEPTA, however, formed a new panel to interview applicants, and Schurgot inquired whether she was eligible to re-interview. Id. at ¶¶ 19, 24-26. Despite SEPTA's hiring policies and procedures that allowed prior applicants to re-interview when a new panel convened, SEPTA informed Schurgot she was still excluded from consideration. Id. at ¶¶ 24-25.

On September 19, 2014, SEPTA hired a man as its new director. Id. at ¶ 28. He did not have a law degree and had been with SEPTA for just nine months. Id. Only then was Schurgot relieved of her additional job responsibilities. Id. at ¶ 13, 35.

On September 26, 2014, Schurgot filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and cross-filed with the Equal Employment Opportunity Commission ("EEOC"). See Motion to Dismiss, Ex. B; Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). On December 2, 2016, Schurgot received a "right to sue" letter from the EEOC,

3

Complaint at ¶ 5, and on February 28, 2017, she filed her complaint in this Court, see id. at page 8.

Schurgot alleges SEPTA failed to provide her with a promotion, equitable pay, and fair treatment, in violation of Title VII (Count I) and the PHRA (Count II). See Complaint at ¶¶ 36-41. She seeks damages for lost wages, earnings, benefits, future earning power, back pay, and front pay, as well as compensation for her mental anguish, emotional distress, humiliation, and reputational damage. Id. at ¶¶ 38, 41.

III. Discussion

Although sex discrimination claims under Title VII and the PHRA are evaluated under the same standard, Steele v. Pelmore Laboratories Inc., 642 F. App'x 129, 133 (3d Cir. 2016) (quoting Atkinson v. LaFayette Coll., 460 F.3d 447, 454 n.6 (3d Cir. 2006)), they are subject to different statutes of limitations. Schurgot must base her Title VII claims on discrete discriminatory acts that occurred no more than 300 days before she filed with the EEOC. See Cardenas v. Massey, 269 F.3d 251, 255 (3d Cir. 2001). She must base her PHRA claims on discrete discriminatory acts that occurred no more than 180 days before she filed with the PHRC. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 164 (3d Cir. 2013). A new filing period accrues with each discrete discriminatory act. National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

Failure to Promote

Because Schurgot filed with the EEOC and PHRC on September 26, 2014, she may not pursue a Title VII claim that accrued before November 30, 2013, or a PHRA claim that accrued before March 30, 2014. SEPTA contends Schurgot's latest possible accrual date for her failure-to-promote claims is October 31, 2013—a date outside the statute of limitations. Motion to

4

Dismiss at 7. Schurgot, however, alleges her failure-to-promote claims accrued in April and September 2014.[2] Pl. Resp. (doc. 7) at 8.

Schurgot's failure-to-promote claims require her to establish that: (1) she belongs to a protected class; (2) she was qualified and applied for a job "for which the employer was seeking applicants;" (3) she was rejected despite her qualifications; and (4) after her rejection, the position remained open and the employer "continued to seek applicants" with her same qualifications. Noel v. The Boeing Co., 622 F.3d 266, 274 (3d Cir. 2010).

Schurgot may satisfy this burden, absent a formal job application, by showing she either (1) "made every reasonable effort" to convey her interest in the supervisory position but was deterred from formally applying due to SEPTA's discriminatory practices; or (2) had a genuine and real interest in the position "but reasonably believed that a formal application would be futile." Murray v. Beverage Distribution Ctr., 533 F. App'x 98, 102-03 (3d Cir. 2013) (citing Newark Branch, NAACP v. Town of Harrison, 907 F.2d 1408, 1415 (3d Cir. 1990)). To prove futility, Schurgot must establish she was aware of the employer's allegedly discriminatory hiring practice and "unwilling to subject [herself] to the humiliation of explicit and certain rejection." Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365 (1977). She may show discriminatory practice through evidence of SEPTA's "consistent discriminatory treatment of actual applicants," or "by the manner in which [it] publicizes vacancies, [its] recruitment techniques, [its] responses to casual or tentative inquiries, and even by the . . . composition of

---

[2] To the extent Schurgot alleges an accrual date based on SEPTA's reposting the director position in the fall of 2013, Complaint at ¶ 22; Pl. Resp. at 7, she fails to allege sufficient facts to show that SEPTA engaged in discriminatory conduct in the fall of 2013 that fell within the Title VII statute of limitations, which expired on November 30, 2013 (winter began on December 21, 2013). Moreover, a PHRA claim based on SEPTA's conduct in the fall of 2013 would be untimely.

5

that part of [its] work force from which [it] has discriminatorily excluded members of minority groups." Id.

Schurgot alleges SEPTA committed a discrete discriminatory act when it refused to re-interview her in April 2014, after convening a new interview panel. Pl. Resp. at 8. Yet, Schurgot alleges insufficient facts explaining how SEPTA's refusal to re-interview her for the position in April 2014 constituted a new discriminatory act.[3]

She asserts that in April 2014, she "wrote to the AGM of Human Resources, . . . asking how long an interview was good for since it would be over a year since [her] previous interview." Complaint at ¶ 24. SEPTA responded "that the statement about previous applicants not being allowed to apply still stood and that [Schurgot] should ask them why [she] was not allowed to apply." Id. Schurgot did not respond or reapply. Id. Schurgot must allege facts that establish why she reasonably believed it would have been futile for her to file a formal application because of a discriminatory hiring practice of excluding women from supervisory positions at SEPTA. See Murray, 533 F. App'x at 102-03.

---

[3] Schurgot contends Daniels v. United Parcel Service, Inc., 701 F.3d 620, 628 (10th Cir. 2012), supports finding SEPTA committed a discrete discriminatory act each time it precluded prior applicants from reapplying to the supervisor position. Pl. Resp. at 7. Daniels, however, is not binding. Moreover, there, the defendant encouraged Daniels to apply for promotions annually, by submitting letters of interest that would remain under consideration through the end of each calendar year. Daniels, 701 F.3d at 626. Daniels submitted letters of interest in 2005 and 2006, but the defendant did not act on either letter. Id. The court held the defendant committed a discrete act each time it allowed Daniels's letters to expire without a promotion. Id. at 628. It did not hold that a discrete, discriminatory act occurred "each time the plaintiff sent out a letter requesting promotion." Pl. Br. At 6. The critical event for the Daniels court was not the point in time when the defendant began accepting new promotion applications, but, rather, the dates on which Daniels learned she had not received the promotion for which she was, ostensibly, being considered.

Although the plaintiff in Daniels had an expectation to be reevaluated each year despite her prior denial, Schurgot alleges no facts to suggest she had a similar expectation of reevaluation or ongoing consideration in 2014 despite her formal rejection in September or October 2013.

Although Schurgot seems to argue futility in her brief, see Pl. Br. at 6 (quoting Daniels, 701 F.3d at 629), she failed to plead sufficient facts to support this theory. Schurgot alleges only that "SEPTA's actions were due to Plaintiff's protected class because SEPTA has a history of not promoting females to higher positions." Complaint at ¶ 31. She does not identify any policy that would have allowed her to re-interview for the supervisor position despite her 2013 rejection, or explain how SEPTA discriminatorily applied such a policy to her because she was a woman after she had been rejected in 2013.[4] Absent those facts, Schurgot's claim does not plausibly show that she failed to reapply for the director position in April 2014 because she reasonably believed doing so would have been futile given SEPTA's discriminatory hiring practices. Otherwise, employers would have an ongoing obligation to continuously re-interview applicants they had previously rejected. Her complaint fails to "nudge[]" the alleged April 2014 discriminatory act "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Schurgot also fails to sufficiently allege that SEPTA committed a discriminatory act when it finally hired a man for the director position in September 2014. A failure-to-promote claim accrues when an applicant learns she has been passed over and other similarly-qualified individuals outside her minority group are still being considered, Noel, 622 F.3d at 274, not when the promotion is filled. See Hanani v. State of New Jersey Department of Environmental Protections, 205 F. App'x 71, 76 (2006) (citing Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1386 (3d Cir. 1994)); Johnson-Harris v. AmQuip Cranes Rental, LLC, No. 14-767, 2015 WL 4113542, at *7 (E.D. Pa. July 8, 2015); George v. American Baptist Churches USA, No. 07-1306, 2008 WL 2265281, at *5 (E.D. Pa. May 30, 2008). Schurgot has not pled facts showing she suffered any such adverse employment action on the day SEPTA filled its job

---

[4] Schurgot concedes she cannot timely claim SEPTA discriminated against her before November 30, 2013. Pl. Resp. at 8.

vacancy. By that time, she was aware she had not been selected for the director position and her alleged injury had vested at some earlier point she has not identified.

Schurgot's failure-to-promote claims are dismissed without prejudice. In the interest of justice, Schurgot may file an amended complaint within 14 days. Fed. R. Civ. P. 15(a)(2).

Limited Back Pay

An employer commits a discrete discriminatory act each time it issues a paycheck that fails to compensate a female employee commensurate with her similarly situated male colleagues. See Miklua v. Allegheny Cty. of Pa., 583 F.3d 181, 185-86 (3d Cir. 2009); 42 U.S.C. § 2000e-5(e)(3)(a). The parties do not dispute that Schurgot's unequal pay claims are timely for those paychecks she received within the EEOC and PHRC filing periods. SEPTA, however, moves to limit the back pay Schurgot may claim. It argues Schurgot may "only recover for paychecks that fall within the statute of limitations, which is counted back from the day the EEOC/PHRC charge is filed." See Reply Brief (doc. 9) at 5.

I disagree. Schurgot's timely Title VII and PHRA claims permit her to "recover back pay for pay discrimination that occurred during the preceding two-year period so long as the earlier discrimination is 'similar or related to' compensation decisions or practices that occurred during the [statutory] period." Haase v. Government of Virgin Islands, No. 02-110, 2009 WL 3855888, at *5, (D.V.I. Nov. 17, 2009) (Savage, J.); see also 42 U.S.C. § 2000e-5(e)(3)(b) (an aggrieved person may "recover[] back pay for up to two years preceding the filing of the [Title VII] charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge"); 43 P.S. § 962(c)(3) ("Back pay liability shall not accrue from a date more than three years prior to the filing of a complaint [with

the PHRC,] charging violations of this act."); Johnson v. Federal Exp. Corp., 996 F. Supp. 2d 302, 313 (M.D. Pa. 2014) (under Title VII and the Fair Pay Act, plaintiffs may "recover back pay for up to two years prior to the earliest paycheck received within the statute of limitations") (internal citations and quotations omitted); Schengrund v. Pennsylvania State University, 705 F. Supp. 2d 425, 432-33 (M.D. Pa. 2009) ("if [p]laintiffs demonstrate that their wages were the result of a discriminatory decision to pay them less money than their male coworkers, they may recover for each and every paycheck received from the present dating back to 300 days prior . . . Additionally, they may recover back pay for up to two years prior to the earliest pay check received within [the 300-day] period").[5]

Schurgot's unequal pay claims under Title VII and the PHRA allege the same discriminatory pay practice throughout the 28 months she assumed supervisory duties. She is entitled to seek back pay outside the filing period.

Remaining Claims

Because Schurgot does not contest the remainder of SEPTA's motion to dismiss/strike, Pl. Resp. at 9-10; Reply at 1 n.1, any language in the complaint: (1) referencing instances of gender discrimination not raised in administrative proceedings; (2) seeking front pay on an unequal pay claim; or (3) claiming punitive damages or "malicious," "reckless," and "willful" conduct is stricken.

An appropriate order follows.

---

[5] Although SEPTA cites this decision in its reply brief, it omits the pivotal qualification contained in the final quoted sentence.